UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
JOSEPH CONNORS AND JOSE LUNA RUBIO,
Individually and on behalf of all others similarly situated,

                              Plaintiffs,

                      Case No. 20-CV-5046
              - against -

AMERICAN MEDICAL RESPONSE, INC., AND
SENIORCARE EMERGENCY MEDICAL SERVICES,
INC.

                              Defendants. .
------------------------------------------------------------------------x

## DECLARATION OF PAUL A. PAGANO
## IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL
## APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT

I, Paul A. Pagano, declare as follows:

1. Steven J. Moser and I are the lawyers primarily responsible for prosecuting Plaintiffs' claims.

2. I make these statements based upon personal knowledge.

3. This class and collective action was filed on July 1, 2020. A copy of the complaint is annexed hereto as Exhibit 1.

4. Joseph Connors and Jose Luna Rubio, suing individually and on behalf of all others similarly situated, asserted seven causes of action as follows: (1) violation of NYLL § 191(1)(a); (2) violation of NYLL § 195(1); (3) failure to pay overtime in violation of the NYLL; (4) failure to pay overtime in violation of NYLL (failing to include meal stipend in calculation of regular rate for overtime purposes); (5) failure to pay overtime in violation of the FLSA; (6) failure to pay overtime in violation of FLSA (failing to include meal stipend in calculation of regular rate for overtime purposes); and (7) violation of NYLL § 191(1)(a) during the period

1

beginning March 29, 2020 through May 30, 2020 when Defendant SeniorCare Emergency Medical Services, Inc.'s EMTs and Paramedics were deployed in New York to deal with the COVID pandemic.

5. On September 14, 2020, Defendants American Medical Response, Inc. and SeniorCare filed their answers. (See Answers, DE 12, 13).

6. On October 2, 2020, the instant matter was referred to mediation (DE 19).

7. On December 15, 2020, the parties held a day long mediation before EDNY panel mediator – Robert J. Kheel, Esq. See docket entry dated December 15, 2020.

8. Before the mediation, Plaintiffs' counsel performed detailed computations of damages on both an individual and class wide basis.

9. While the parties were not able to reach a resolution on December 15, 2020, the parties continued to negotiate in good faith and were ultimately able to reach an agreement in principle on February 1, 2021 (DE 23).

10. A copy of the Settlement Agreement is annexed hereto as Exhibit 2.

11. The proposed settlement calls for the total payment of $160,000.

12. Of the $160,000, $125,000 is earmarked to compensate the Class/Collective Members. It is proposed that from the $125,000 there shall be payment to the Named Plaintiffs for Service Awards in the combined amount of $4,000 and payment to the Claims Administrator in the amount of $5,000.[1] $35,000 is earmarked to be paid to the Named Plaintiffs for their individual claims.

13. From the foregoing it is proposed that Plaintiffs' counsel shall receive $53,333.33 for attorneys' fees and costs. A copy of Plaintiffs' counsel's attorney fee invoice is attached

---

[1] A copy of an invoice for the Settlement Claims Administrator's services is attached hereto as Exhibit 3.

hereto as Exhibit 4.

14. On April 9, 2021, Plaintiffs filed their motion for preliminary approval (DE 30).

15. On April 21, 2021, the Court granted Plaintiffs' motion for preliminary approval, by: (1) preliminarily approving the Settlement Agreement; (2) preliminarily certifying the settlement class; (3) approving and authorizing distribution of the class notice and claim form; (4) setting a date for the final fairness hearing of August 24, 2021 at 11:00 a.m.; (5) approving the class action settlement procedure; (6) appointing Moser Law Firm, P.C. as class counsel; and (6) approving the proposed schedule for final settlement approval (DE 32).

16. In accordance with the Settlement Agreement and Preliminary Approval Order notice was disseminated. Response to the dissemination of notice has been uniformly positive as 14 of the potential 24 members have joined the settlement class, there have been no opt outs and no objections. A breakdown of the amount to be received by each class member is attached hereto as Exhibit 5.

17. In light of the foregoing, Plaintiffs respectfully request that the Court issue a final approval order in the form attached hereto as Exhibit 6 which includes: (1) certifying the following settlement class under Fed R. Civ. P. 23(a), b(1) and b(3): all individuals who performed work as Emergency Medical Technicians or Paramedics in connection with a deployment in New York in response to the COVID-19 pandemic during the period beginning March 29, 2020 and continuing through May 30, 2020; (2) approving the settlement and Settlement Agreement as fair, reasonable, adequate, and binding on all Class Members who have not timely filed an opt-out statement: (3) ordering Defendant to fund the Qualified Settlement Fund within 15 days of the Final Approval Order; (4) ordering the Settlement Claims Administrator to distribute Settlement Checks to the named Plaintiffs from the Qualified

Settlement Fund for the individual Plaintiffs' Frequency Claims within 30 days of the Final Approval Order; (5) approving the Service Awards to be paid to the Class Representatives and ordering the Settlement Claims Administrator to pay same from the Qualified Settlement Fund within 30 days of the Final Approval Order; (6) approving Plaintiffs' counsel's request for attorneys' fees and costs and ordering the Settlement Claims Administrator to pay from the Qualified Settlement Fund the attorneys' fees and costs to be paid to Class Counsel within 30 days of the Final Approval Order; (7) approving the $5,000 payment to the Settlement Claims Administrator and authorizing same to pay itself from the Qualified Settlement Fund within 30 days of the Final Approval Order; (8) ordering the Settlement Claims Administrator to distribute Settlement Checks to the named Plaintiffs and Authorized Claimants from the Net Settlement Fund for the class claims within 30 days of the Final Approval Order; (9) ordering the dismissal with prejudice of all claims asserted in the Lawsuit by the named Plaintiffs and the unpaid overtime and notice claims of all Class Members who did not timely file an opt-out statement; (10) retaining jurisdiction over the litigation as necessary for the purpose of filing consent-to-join forms from the Authorized Claimants as set forth in their Settlement Checks and other relief; and (11) ordering that the Settlement Claims Administrator: (i) provide verification to Class Counsel and Defendants' counsel that it has distributed the settlement checks to authorized claimants; (ii) retain copies of all the endorsed settlement checks with releases; and (iii) provide Defendants' Counsel with copies of the endorsed Settlement Checks.

*   *   *

I declare under penalty of perjury, under 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated: Huntington, New York
August 5, 2021

*Paul Pagano*
Paul A. Pagano